Turley, J.,
delivered the opinion of the court.
This bill is filed by the bank of Tennessee, to prohibit the defendant, H. R. W. Hill, from pleading and relying upon the statute of limitations as a defence to his liability as endorser upon a bill of exchange, drawn by B. S. Tappan & Co., in favor of George C. Parker, and endorsed by him to Daniel P. Perkins, by Perkins to H. R. W. Hill, and by Hill to the bank.
It appears from the pleadings and proof, that after the bill was dishonored by protest, Hill, the last endorser, was desirous that he should not be sued thereon; and that the bank should persue Perkins, his previous endorser, who, it was supposed, by both Hill and the *177 bank, was good, and able to pay the bill; that Hill informed the bank that Perkins owned a tract of land in Williamson county, which would be sufficient in value to pay the bill, and that he was desirous that the bank should seek its remedy out of the land before sueing him. This the bank did, by instituting proceedings' against Perkins and this tract of land by attachment, which, by the law’s delay, remained so long in court, that the statute of limitations run in favor of Hill, before a suit. at law was commenced against him; the- land attached, was secured by superior liens, and thereby the bank obtained nothing by its proceedings against Perkins; and upon instituting suit against Hill, he relies upon the statute of limitations in his defence.
Now, the question is, whether a court of chancery can prohibit this defence under the circumstances of this case; and we think not because it is a high power in a court of chancery, (which is in the general, as much bound to give effect to the operation of the statute of limitations as courts of law,) to prohibit the use of this defence in a court ef law, and one not to be exercised, but in very plain cases of a fraudulent abuse of the advantage of the lapse of time, gained by the party seeking to use it.
We do not deem it necessary or proper, in the present case, to enter into an investigation of the doctrine upon this subject, in order to show when this power of a court of chancery may be properly exercised; it is enough for us at present to hold, that . a non-request to delay suit, or institute suit against another, instead of the person making the request, does not constitute such case, and that is all that can be made of the present case.
*178 Hill denies that he ever promised that he would not plead the statute of limitations, if the bank delayed suit as against him, till it should constitute a defence; admits that he requested a suit against Perkins, and gave information of his owning the land attached: the bank -insists that this was equivalent to a promise not to plead the statute of limitations, provided it would proceed against the land, and time should thereby elapse, by which the claim against Hill would be barred; but we cannot look upon it in such light; and are constrained to hold it to be the common case of one who induces an indulgent creditor not to sue by promises to pay, or by protestations that he is not pecuniarily íiable, and that he ought not to be sued, before the remedy against those who are, has been exhausted, whereby he becomes released by the operation of time. In all such cases, it becomes the imperious duty of the creditor, if he wish to be' protected against the bar of time, so to contract; to hold otherwise, would be to destroy the defence of statute of limitations, which has of late years, been looked upon most favorably, both at law and equity.
The decree of the chancellor is therefore affirmed.